FAULKNER, Justice.
This is a land line dispute. Leroy and Hazel Braxton filed this action, seeking to establish the boundary between their property and property owned by Henry Stewart. The parties entered into an agreement, which was incorporated into the court’s decree. It provided that the property in question, which is triangularly shaped, is bordered by a section line, by a county road, and by an abandoned road known as the Geneva-DeFuniak Road. The order provided that the parties were to agree on a surveyor to survey the property and establish the location of the boundaries. The parties were to then have a fence installed along the lines established *267 by the survey. The costs of the fence and the survey were to be split between the parties.
On June 8, 1982, Mr. Stewart filed a motion alleging that the parties had been unable to agree on a surveyor and requesting further orders to facilitate the implementation of the decree. The Braxtons filed a response to the motion, alleging that Mr. Stewart had shot at them and that he had failed to allow the plaintiffs to use their property. They requested that the judgment be set aside and that the case be returned to the jury docket. The Braxtons have also apparently filed an independent action, which they refer to as a “bill of review,” in an attempt to set aside the judgment. After a hearing the court ordered that Charles Bowdoin, a registered land surveyor, be allowed to survey the property. Mr. Bowdoin surveyed the property and filed a plat of the land with the court.
On September 23,1982, Mr. Stewart filed a motion requesting that a hearing be set with regard to implementing the order with respect to erection of the fence. The Brax-tons filed an objection to the survey, which reiterated their request to set aside the judgment. After another hearing, the court entered an order providing that a sheriffs deputy was to accompany the Braxtons to the land to enable them to view the lines established by the surveyor.
After viewing the lines the Braxtons filed another objection to the survey. They alleged that the price of the survey was too high and that the survey was inaccurate in several respects. They also reasserted their motion to set aside the judgment, alleging that the defendant had violated the court’s order. After a hearing, at which the surveyor testified, the court entered the order appealed from, dated April 13, 1983. It found that the plaintiffs’ objections to the survey were without merit. It adjudged the boundaries established by the surveyor to be the true boundaries of the property. It approved the fee requested by the surveyor and provided for erection of a fence along the boundary of the parcel. The Braxtons filed a motion seeking to set aside the order, which the court denied.
On appeal the Braxtons argue that the trial court should not have ordered the fence to be built during the pendency of their motion to set aside the judgment and their “bill of review.” They argue that they will be exposed to the additional expense of taking down the fence should they prevail in their efforts to set aside the judgment.
The normal procedure for attacking a judgment after the time for appeal has run is by a motion filed under Rule 60(b), A.R.Civ.P. If relief does not appear to be available under that rule, or if relief is sought in some court other than the one which rendered the judgment, the party may bring an independent proceeding. There is little procedural difference between the two. See the committee comments to Rule 60. Plaintiffs in this case have apparently filed both. They do not seek a review of a ruling on either the independent action or the Rule 60(b) motion, but seek an order holding the judgment in abeyance during the pendency of their attempts to set aside the judgment. Rule 60(b), however, provides that “A motion under this subdivision does not affect the finality of a judgment or suspend its operation.” Likewise, the plaintiffs cite us no authority to support the proposition that the trial court should be compelled, under the circumstances of this case, to stay the proceedings pending the outcome of the independent proceeding.
The trial court’s April 13, 1983, order affirming the survey and establishing the boundaries of the parcel was based on substantial evidence. It was neither clearly erroneous nor manifestly unjust and it is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.